**ORIGINAL**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

OCT 1 7 2003

LUTHER �
⌐⌐⌐⌐⌐S, Clerk
By: J. Duggy Deputy Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TRACEY L. TOMCZYK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.: 1:00-CV-3417-TWT |
| JOCKS & JILLS RESTAURANTS, | ) | |
| LLC; et. al. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S AFFIDAVIT

Defendants have asked this Court to strike Plaintiff's Supplemental

Affidavit,[1] which was submitted as part of her Objection to that portion of the

Magistrate Judge's Report and Recommendation which recommended granting

summary judgment on Plaintiff's disparate treatment race discrimination claims.

As demonstrated below, Plaintiff Tracey L. Tomczyk ("Tomczyk") has personal

knowledge of all facts included in Plaintiff's Supplemental Affidavit, is competent

---

[1] Although Defendants refer to the affidavit as "Plaintiff's Affidavit", the original of which was filed in connection with her opposition to Defendants' Motions for Summary Judgment, it is clear from their Motion that they seek only to strike Plaintiff's Supplemental Affidavit or portions thereof, as it is the affidavit which was filed in connection with Plaintiff's Objection. [*See, e.g.*, Defendants' Memorandum of Law in Support of Defendants' Motion to Strike Plaintiff's Affidavit, page 1].



to testify to them, and none of the statements she attributes to Defendants Joseph

R. Rollins ("Rollins") is hearsay.  For these reasons, Defendants' Motion to Strike

her Supplemental Affidavit should be denied.

Defendants argue that the facts set forth in Tomczyk's Supplemental

Affidavit fail to meet the requirements of Federal Rule of Civil Procedure 56(e) for

three reasons.  First, Defendants contend that Tomczyk has included facts of which

she has no personal knowledge.  Second, Defendants assert that Tomczyk's

Supplemental Affidavit contains inadmissible hearsay.  Finally, Defendants claim

she has testified about the motivation of people other than herself. All of

Defendants' assertions are incorrect.

Tomczyk's Supplemental Affidavit was submitted to supplement those

portions of the record supporting her disparate race discrimination claims that the

Magistrate Judge found lacking.  Specifically, Tomczyk sought, through the

Supplemental Affidavit, to demonstrate that Defendant Rollins failed to subject

similarly situated employees (those who were involved in same race relationships)

to the same treatment as Tomczyk (termination).  Tomczyk's Supplemental

Affidavit simply apprises the Court of the facts of which she has personal

knowledge that demonstrate this element of her race discrimination claims.

Defendants fault paragraphs 2 and 5 of Tomczyk's Supplemental Affidavit, claiming that her testimony concerning the existence of the same race relationships at issue is conclusory. Of course, such an argument blatantly ignores testimony establishing Tomczyk's knowledge of the existence of the relationships. Tomczyk testified in the following paragraphs that the couples at issue were: openly dating (paragraph 4), attended Jocks & Jills functions as couples (paragraphs 4 and 5), were married (paragraphs 7 and 8), or in one case, held their wedding reception at one of the Jocks & Jills restaurants (paragraph 6). Indeed, one of the paragraphs addresses her own marriage, of which Defendants cannot plausibly suggest she had no knowledge.[2]

Defendants complain about Tomczyk's testimony concerning Defendant Rollins' knowledge and/or belief that the various couples mentioned in paragraphs 4 and 5 were involved in relationships. They argue that Tomczyk had no personal knowledge because she did not testify that she heard or observed Defendant Rollins tease these couples about their relationships. While the affidavit may not

---

[2]Moreover, it is Rollins' belief that the relationships existed, not their actual existence, which is important to the analysis in Tomczyk's Objection. If Rollins wrongly believed that the couples at issue were dating (as he originally did with Tomczyk and Greg Clarkson), yet subjected them to no adverse action, this evidence establishes the different treatment of similarly situated individuals (from Rollins' point of view). Thus, even if Tomczyk could not prove that the couples at issue were engaged in same race relationships, such evidence would be unnecessary.

have contained this testimony, Tomczyk testified in the first paragraph that she possesses personal knowledge of the matters contained in the Supplemental Affidavit. Thus, she necessarily observed Defendant Rollins' behavior. Importantly, Tomczyk, as the nonmoving party, need not present evidence in a form which would be admissible at trial. Instead, it only must be reducible to admissible evidence. *E.g.*, *United States v. Four Parcels of Real Prop. In Greene and Tuscaloosa Counties*, 941 F.2d 1428, 1444 (11th Cir. 1991)(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)); *Owen v. Wille*, 117 F.3d 1235, 1236 (11th Cir. 1997). Here, Tomczyk will be able to testify that she observed Rollins teasing the couples at issue. To the extent that this Court determines that Tomczyk's affidavit must expressly testify on this point, she is more than willing to again supplement her Affidavit.

Apparently realizing that their argument is a non-starter, Defendants argue that Tomczyk's testimony about Defendant Rollins teasing the couples in paragraphs 4, 5, and 8 is hearsay. Defendants' contention notwithstanding, Rollins' behavior is a textbook example of what does **not** constitute hearsay in that his teasing remarks have not been offered to prove the truth of the matter asserted.[3]

---

[3]Defendants' hearsay argument is tortured. To actually constitute hearsay, as Defendants argue, Rollins would have had to have stated to the couples that he knew about their relationship.

4

Fed.R.Evid. 801(c); *see Federal Deposit Ins. Corp. v. Stahl*, 89 F.3d 1510, 1520-

1521 (11th Cir. 1996)(transcript of telephone conversation in which employees

criticized underwriting practices was offered to show knowledge of underwriting

problems, not "to establish the intrinsic truth of the matter asserted" and, therefore,

not hearsay).  Tomczyk does not wish this Court to conclude from Rollins'

comments that the couples were dating.  Instead, the fact that Rollins teased these

couples about their relationships demonstrates that he did know, or at the very least

believed, that they were engaged in a relationship, one of the factors that led the

Magistrate Judge to conclude that there was insufficient proof of a similarly

situated comparator.[4]

Defendants argue that Tomczyk's testimony concerning Mike and Andrea

Small is speculative as to the reasons they moved to Florida.  Such an argument

ignores the substance of Tomczyk's testimony, which clearly indicates that Rollins

suggested the couple move to Florida for the reasons indicated, and utterly misses

the point.  Tomczyk does not suggest that it is necessary for this Court to know

why the Small's moved to Florida.  Instead, the statement demonstrates not their

---

[4]Defendants' arguments concerning hearsay are even sillier with respect to
paragraph 9.  Obviously, Tomczyk does not offer Rollins' statements about Ms.
Ebbert to prove that she should have worn tighter sweaters to keep her Jocks &
Jills employee boyfriend.  It is Rollins' knowledge of and belief about her
relationship with his employee that is proven by his statements.

motivation but the fact that Rollins was aware of their relationship, and knew that they would be violating the Jocks & Jills "anti-fraternization policy". In fact, he suggested they commit the violation.

Finally, Defendants suggest that Tomczyk has no personal knowledge of whether the couples about whom she testified in her affidavit were disciplined or fired because of their relationships. In her original Affidavit, Tomczyk testified that she assumed responsibility for carrying out the human resources functions for Jocks & Jills from approximately June 1994 until she was fired on June 14, 1999. [Affidavit of Tracey L. Tomczyk, Exhibit A to Plaintiff's Memorandum in Opposition to Defendants' Motions for Summary Judgment, Doc. No. 119, ¶9 ("Tomczyk aff."); Tracey L. Tomczyk dep. 91-92, 95]. She either directly supervised or was responsible for overseeing the restaurants in which the Jocks & Jills employees mentioned in her affidavit worked. [*See* Tomczyk aff., ¶¶8-9, 11, 16, and 22;]. As such, Tomczyk certainly has knowledge of the disciplinary and termination record of each Jocks & Jills employee mentioned. Again, this is evidence Tomczyk which is reducible to admissible evidence at trial and if the Court deems is necessary, Tomczyk will be happy to again supplement her affidavit to make this clear.

6

The motive behind Defendants' specious Motion is transparent.  Tomczyk's

supplemental testimony, of which she has personal knowledge and provides to

address the Magistrate Judge's expressed concerns in his Report and

Recommendation, mandates the denial of summary judgment on her race

discrimination claims.  Defendants' Motion is nothing more than a desperate

attempt to obtain summary judgment on claims to which they are not entitled.

Because Tomczyk's affidavit conforms fully to Federal Rule of Civil Procedure

56(e), it should be considered in full by this Court and Plaintiff respectfully

requests that Defendants' Motion be denied.[5]

## **CERTIFICATE OF COMPLIANCE**

The undersigned certifies that the foregoing document was prepared in

Times New Roman 14 font, as approved by the Court in LR 5.1B.

Respectfully submitted this _17th_ day of October, 2003.

---

[5]However, should this Court determine that any part of the affidavit contains
impermissible testimony, Tomczyk respectfully requests that this Court disregard
only that testimony which the Court finds objectionable.

BUCKLEY & KLEIN, LLP

Edward D. Buckley
Georgia Bar Number 092750
Marni K. Brown
Georgia Bar Number 088855

Atlantic Center Plaza
1180 West Peachtree Street, Suite 1100
Atlanta, Georgia 30309
Telephone: (404) 781-1100
Fax: (404) 781-1101

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| TRACEY L. TOMCZYK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO.: 1:00-CV-3417-TWT |
| JOCKS & JILLS RESTAURANTS, | ) | |
| LLC; et. al. | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the within and

foregoing **Plaintiff's Memorandum in Opposition to Defendants' Motion to**

**Strike Plaintiff's Affidavit** by placing a copy in the United States mail, with

sufficient postage affixed thereto to ensure first class delivery to:

> Robert H. Buckler
> Richard Gerakitis
> James P. Ferguson, Jr.
> 600 Peachtree Street, NE
> Bank of America Plaza, Suite 5200
> Atlanta, GA 30308-2216

This  1 th  day of October, 2003.


_____
Edward D. Buckley
Georgia Bar No. 092750
Marni K. Brown
Georgia Bar No. 088855

Buckley & Klein LLP
Atlantic Center Plaza, Suite 1100
1180 West Peachtree Street
Atlanta, GA 30309
Telephone: (404) 781-1100
Facsimile: (404) 781-1101