**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| TRACEY L. TOMCZYK, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION FILE |
| | : | NO.:  1:00-CV-3417-WSD |
| JOSEPH R. ROLLINS | : | |
| | : | |
| Defendant. | : | |

## <u>PLAINTIFF'S PROPOSED JURY INSTRUCTIONS</u>

Plaintiff Tracey Tomczyk submits the following proposed jury instructions, which she respectfully requests the Court to include in the charge to the jury.  Ms. Tomczyk reserves the right to submit requests for additional or modified charges in light of Defendant's charges or so as to conform to the evidence at trial. Accordingly, Ms. Tomczyk asks that the jury be instructed in accordance with the contentions and charges proposed herein.

**PLAINTIFF'S REQUEST TO CHARGE NO. 1**
**<u>General Instructions</u>**

Ms. Tomczyk accepts and requests that the Court charge the jury with its

Standard Instructions, excluding only those instructions for: Corporations;

Government Entity; Felony Offenses; Experts and Damages.

**<u>DISPOSITION:</u>**

          _____ Given

          _____ Given as Modified

          _____ Refused

          _____ Withdrawn

**PLAINTIFF'S REQUEST TO CHARGE NO. 2**
**Liability - Intentional Infliction of Emotional Distress**

Tracey Tomczyk asserts a claim of intentional infliction of emotional distress against Defendant Rollins.  Under the law of the State of Georgia, one who by extreme and outrageous conduct, intentionally or recklessly, causes severe emotional distress to another, may be subject to liability for any emotional distress caused.

In order to prevail on this claim, Ms. Tomczyk must prove each of the following facts by a preponderance of the evidence:

*First*:   The Defendant's conduct was intentional or reckless with respect to Plaintiff on or after December 22, 1998.

*Second*:   That Defendant's conduct was extreme and outrageous.

*Third*:   The existence of a causal connection between the Defendant's wrongful conduct and emotional distress suffered by Ms. Tomczyk.

*Fourth*:   That the emotional distress suffered by Ms. Tomczyk was severe.

If you find that Defendant Rollins intentionally or recklessly caused such emotional distress to Ms. Tomczyk, she would be entitled to recover for those

damages that she can prove, by a preponderance of the evidence, were incurred,

including mental pain and suffering.

## AUTHORITIES:

1. *Yarbray v. Southern Bell*, 261 Ga. 703, 409 S.E.2d 835 (1991).

2. *Bridges v. Winn-Dixie Atlanta, Inc.*, 176 Ga. App. 227, 335 S.E.2d 445 (1985).

3. *Mears v. Gulfstream Aerospace Corp.*, 225 Ga. App. 636, 641, 484 S.E.2d 659, 664-65 (1997), *cert. denied,* 225 Ga. App. 636 (1997).

4. *Travis Pruitt & Assoc., P.C. v. Hooper*, 277 Ga. App. 1, 625 S.E.2d 445 (2005).

5. *Tomczyk v. Jocks & Jills Restaurants, LLC*, 269 Fed.Appx. 867 (11th Cir. 2008).

## DISPOSITION:

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFF'S REQUEST TO CHARGE NO. 3
### (Outrageousness – Relevance of Employment Relationship)

Under Georgia law the existence of a special relationship in which one person has control over another, as in the employer-employee relationship, may produce a character of outrageousness that otherwise might not exist.

The workplace is not a free zone in which the duty not to engage in willfully and wantonly causing emotional distress through the use of abusive or obscene language does not exist.  By its very nature, it provides an environment more prone to such occurrences because it provides a captive victim who may fear reprisal for complaining, so that the injury is exacerbated by repetition, and it presents a hierarchy of structured relationships which cannot easily be avoided.

The opportunity for commission of the tort is more frequently presented in the workplace than in casual circumstances involving temporary relationships.

## AUTHORITIES:

1.  *Bridges v. Winn-Dixie Atlanta, Inc.*, 176 Ga. App. 227, 335 S.E.2d 445 (1985).

2.  *Mears v. Gulfstream Aerospace Corp.*, 225 Ga. App. 636, 484 S.E.2d 659, 664-65 (1997).

3.  *Coleman v. Housing Authority of Americus*, 191 Ga. App. 166, 381 S.E.2d 303 (1989).

4.  *Trimble v. Circuit City Stores, Inc.*, 220 Ga. App. 498, 500, 469 S.E.2d 776, 778-79 (1996).

5.    *Lightning v. Roadway Express, Inc.*, 60 F.3d 1551, 1558 (11th Cir. 1995).

## DISPOSITION:

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFF'S REQUEST TO CHARGE NO. 4
### Cumulative Effect of a Pattern of Abuse

You may find that the cumulative effect of a pattern of intentional infliction of emotional distress rises to the level of extreme and outrageous conduct even if a single incident, standing alone, would not amount to that same level of outrageous conduct.

## AUTHORITIES:

1.  *Anderson v. Chatham*, 190 Ga. App. 559, 379 S.E.2d 793 (1989).

2.  *Coleman v. Housing Auth. of Americus*, 191 Ga. App. 166, 169, 381 S.E.2d 383 (1989).

3.  *Mears v. Gulfstream Corp.*, 225 Ga. App. 636, 484 S.E.2d 659 (1997).

## DISPOSITION:

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**PLAINTIFF'S REQUEST TO CHARGE NO. 5**
**<u>Similar Acts</u>**

You have heard testimony of similar conduct by Defendant Rollins directed at employees other than Plaintiff.  You may consider this testimony but only for purposes of determining Defendant Rollins' liability for punitive damages.

**<u>AUTHORITIES:</u>**

  1. *Webster v. Boyett*, 269 Ga. 191, 195, 496 S.E.2d 459, 463 (1998).

  2. *Troncalli v. Jones*, 237 Ga. App. 10, 514 S.E.2d 478 (1999).

  3. *Gunthorpe v. Daniels*, 150 Ga. App. 113, 257 S.E.2d 199 (1979).

**<u>DISPOSITION:</u>**

    _____ Given

    _____ Given as Modified

    _____ Refused

    _____ Withdrawn

**PLAINTIFF'S REQUEST TO CHARGE NO. 6**
<u>**Compensatory Damages**</u>

Damages are given as pay or compensation for injury done. When one party is required to pay damages to another, the law seeks to ensure that the damages awarded are fair to both parties. If you believe from a preponderance of the evidence that Plaintiff is entitled to recover, you should award to Ms. Tomczyk such sums as you believe are reasonable and just in this case.

Pain and suffering is a legal item of damages. The measure is the enlightened conscience of fair and impartial jurors. Questions of whether, how much, and how long Ms. Tomczyk has suffered are for you to decide.

Pain and suffering includes mental suffering and damages may be recovered for mental suffering that is caused by a willful or wanton act. Anxiety, shock and worry are examples of what might be included under mental pain and suffering.

If you find that Ms. Tomczyk's pain and suffering will continue into the future, you should award damages for such future pain and suffering as you believe she will endure. In making such an award, your standard should be your enlightened conscience as impartial jurors. You would be entitled to take into consideration the fact that Ms. Tomczyk is receiving a present cash award for damages not yet suffered.

**AUTHORITIES:**

1.    1 Council of Superior Court Judges of Georgia, Suggested Pattern
      Jury Instructions, Civil Cases, §§ 66, 66.500, 66.502 (modified),
      66.503 (4th ed. 2004).

2.    *Anderson v. Chatham*, 190 Ga. App. 559, 379 S.E. 2d 793 (1989).

**DISPOSITION:**

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

## PLAINTIFF'S REQUEST TO CHARGE NO. 7
### <u>Damages - Punitive</u>

In actions alleging intentional infliction of emotional distress, there may be aggravating circumstances which may warrant the awarding of additional damages called punitive damages.

In order for punitive damages to be awarded on these claims, Ms. Tomczyk must prove by clear and convincing evidence that Defendant Rollins' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

Clear and convincing evidence is defined as evidence that causes you to firmly believe, to a high degree of probability, that Defendant Rollins' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.  Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence but less than beyond a reasonable doubt.

If Ms. Tomczyk fails to prove, by clear and convincing evidence, that the Defendant Rollins was guilty of willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of

conscious indifference to consequences, then you would not be authorized to make any award of punitive damages.

Punitive damages, when authorized, are awarded not as compensation to Plaintiff, but solely to punish, penalize, or deter Defendant Rollins.

The measure of such damages is your enlightened conscience as an impartial jury.

**AUTHORITIES:**

1. 1 Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Civil Cases, §§ 66.700 (slightly modified), 66.701(02.040 slightly modified), 66.702 (4th ed. 2004).

2. O.C.G.A. §51-12-5.1.

**DISPOSITION:**

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

**PLAINTIFF'S REQUEST TO CHARGE NO. 8**
**Punitive Damages Cap – Specific Intent**

If you decide to award punitive damages, you will be asked to further specify whether you find that Defendant Rollins acted with specific intent to cause harm to Plaintiff.  A party possesses specific intent to cause harm when that party desires to cause the consequences of his act or believes that the consequences are substantially certain to result from it.  Intent may be shown by direct or circumstantial evidence.

Specific intent must be shown by a preponderance of the evidence.  It is ordinarily ascertained from acts and conduct.  You may not presume Defendant Rollins acted with specific intent to harm, but intent may be shown in many ways, provided you, the jury, find that it existed from the evidence produced.  You may find such intent, or the absence of it, upon consideration of the words, conduct, demeanor, motive and all the other circumstances connected with the alleged act. You may presume a person of sound mind and discretion intends the natural and probable consequences of his act.  The evidence may or may not rebut this presumption.

**AUTHORITIES:**

1.  1 Council of Superior Court Judges of Georgia, Suggested Pattern Jury Instructions, Civil Cases, §§ 66.711, 66.712, 66.730 (4th ed. 2004).

2.  O.C.G.A. §51-12-5.1.

**DISPOSITION:**

_____ Given

_____ Given as Modified

_____ Refused

_____ Withdrawn

Respectfully submitted,

BUCKLEY & KLEIN, LLP

By:   <u>s/ Edward D. Buckley</u>
        Ga. Bar No. 092750
        edbuckley@buckleyklein.com
        John F. Beasley, Jr.
        Georgia Bar No. 045010
        jfbeasley@buckleyklein.com
        Dena G. George
        Georgia Bar No. 297337
        dggeorge@buckleyklein.com

1180 West Peachtree Street
Atlantic Center Plaza, Suite 1100
Atlanta, Georgia 30309
Phone: 404-781-1100
Fax: 404-781-1101
Attorneys for Plaintiff

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 15, 2009, I electronically filed **Plaintiff's**

**Proposed Jury Instructions** with the Clerk of Court using the CM/ECF system

which will automatically send email notification of such filing to the following

attorneys of record:

    Cary S. King
    Scott R. King
    Robert Peter Marcovitch

               BUCKLEY & KLEIN, LLP

        By:   <u>s/ Edward D. Buckley</u>
               Ga. Bar No. 092750
               edbuckley@buckleyklein.com
               John F. Beasley, Jr.
               Georgia Bar No. 045010
               jfbeasley@buckleyklein.com
               Dena G. George
               Georgia Bar No. 297337
               dggeorge@buckleyklein.com

1180 West Peachtree Street
Atlantic Center Plaza, Suite 1100
Atlanta, Georgia 30309
Phone: 404-781-1100
Fax: 404-781-1101
Attorneys for Plaintiff