# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| TRACEY L. TOMCZYK, | |
|        Plaintiff, | |
| v. | 1:00-cv-3417-WSD |
| JOSEPH R. ROLLINS, | |
|        Defendant. | |

## OPINION AND ORDER

This matter is before the Court on Defendant Joseph R. Rollins' ("Defendant") Motion in Limine [467] and Plaintiff Tracey L. Tomczyk's ("Plaintiff") Motion in Limine on the Admissibility of Similar Act Evidence [475].

**I.  BACKGROUND**

Plaintiff first filed her complaint December 22, 2000, asserting claims of sex and race discrimination, retaliation, violation of the Equal Pay Act, intentional infliction of emotional distress, assault and battery, invasion of privacy, and negligent retention.  Following motions for summary judgment and two trials, Plaintiff's various claims have been reduced to one – intentional infliction of emotional distress.  Trial on this remaining claim is set to begin on April 20, 2009.

The Court held a pretrial conference in this matter on April 14, 2009. During the conference, the Court heard arguments from counsel for both parties regarding the admissibility of Defendant's statements and actions toward third-party individuals.

## II. DISCUSSION

Defendant moves to exclude all evidence of "similar acts" allegedly committed by Defendant against women other than Plaintiff and all evidence of Defendant's alleged use of racially offensive language other than in conversations with Plaintiff. Defendant claims evidence of these other acts is irrelevant, improper character evidence, and unduly prejudicial. In her motion in limine, Plaintiff moves to admit this similar act evidence. She claims Defendant's conduct involving third parties is relevant and admissible under Federal Rule of Evidence 404(b) to show motive, intent, the absence of mistake or accident, and the element of outrage necessary for an intentional infliction of emotional distress claim. Plaintiff's Motion in Limine at 2. Plaintiff also claims the evidence is admissible on whether punitive damages should be assessed against the Defendant.

In the Eleventh Circuit's decision following an appeal after the second trial in this case, the court held that:

> the district court erred by instructing the jury that it could consider none of the pre-limitations period evidence to establish the elements

of intentional infliction of emotional distress but that it could consider that evidence to determine the severity of any distress experienced by the plaintiff. As noted above, severity is an essential element of an infliction of intentional emotional distress claim. Given the conflicting – and seemingly confusing – instructions given by the district court, it is likely the jury considered conduct that occurred prior to December 22, 1998, in finding that Rollins intentionally inflicted emotional distress on Tomczyk on or after that date. The error was plain because under Georgia law severity is an element of the tort of intentional infliction of emotional distress as to which the jury must have been charged but, as Tomcyzk I[1] instructed, the jury could not consider evidence of Rollins' conduct prior to December 22, 1998, for the purpose of finding liability for conduct that occurred December 22, 1998, or later.

Tomczyk v. Jocks & Jills Restaurants, LLC, et al., 269 Fed. App'x 867, 870-71 (11th Cir. 2008) ("Tomczyk II").

In accordance with the Eleventh Circuit's ruling, the Court deems it necessary and appropriate to divide the contested evidence into two categories: (1) Defendant's statements and actions toward third parties committed before December 22, 1998, and (2) Defendant's statements and actions toward third parties committed after December 22, 1998.

A. Pre-December 22, 1998 Conduct

"A claim for intentional infliction of emotional distress must prove four elements: (1) intentional or reckless conduct (2) that is extreme and outrageous and

---

[1] Tomczyk v. Jocks & Jills Restaurants, LLC, et al., 198 Fed. App'x 804 (11th Cir. 2006).

(3) causes emotional distress (4) that is severe." Travis Pruitt & Associates, P.C. v. Hooper, 277 Ga. App. 1, 8 (2005) (citing Mears v. Gulfstream Aerospace Corp., 225 Ga. App. 636, 638 (1997)). "To meet the extreme and outrageous test, the conduct must be so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Udoinyion v. Re/Max of Atlanta, 289 Ga. App. 580, 584 (2008) (internal quotations and citation omitted). "The conduct must inflict emotional distress so severe that no reasonable [person] could be expected to endure it." Id. "[D]amage in the form of severe emotional distress must be sustained before the cause of action accrues." Mears, 225 Ga. App. at 639. See also Udoinyion, 289 Ga. App. at 584 (plaintiff must show that he suffered severe emotional distress as a result of the defendants' conduct).

"[A]ctual intent on the part of the defendant to produce such distress is not essential to recovery. A reckless and willful disregard of the consequences of one's actions, coupled with knowledge of the probable results also forms a basis for recovery." Pierson v. News Group Publications, Inc., 549 F. Supp. 635, 643 (S.D.Ga. 1982). "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a

civilized community." Canziani v. Visiting Nurse Health Systems, Inc., 271 Ga. App. 677, 679 (2005); Morgan v. Georgia Power Co., 2008 WL 372465 (M.D.Ga. 2008).

The Eleventh Circuit's opinion in Tomczyk II is clear: the jury may not consider Defendant's conduct prior to December 22, 1998, for the purpose of establishing any of the elements of Plaintiff's claim for intentional infliction of emotional distress. Plaintiff reiterated at the pretrial conference that Plaintiff seeks to introduce this pre-limitation period evidence to show intent and outrageousness, both elements of an intentional infliction of emotional distress. The jury cannot consider evidence of Rollins' conduct prior to December 22, 1998 for the purpose of finding liability for conduct that occurred December 22, 1998 or later. Defendant's conduct before December 22, 1998 toward third parties is inadmissible.[2]

---

[2] Even if this evidence was not inadmissible for statute of limitations reasons, the Court also finds the evidence must be excluded because its prejudicial effect outweighs its probative value and would likely confuse the jury. This analysis is discussed in more detail in Section II. B., infra. The Court notes further that it understands intent is not an issue in this case. Apparently, Defendant generally does not contest the conduct in which it is alleged he engaged. His principal defense is that Plaintiff could not have been distressed by his conduct because she engaged in the same kind of conduct herself.

B.  Post-December 22, 1998 Conduct

With respect to conduct which occurred after December 22, 1998, such evidence must still satisfy evidentiary requirements. Defendant first argues that because Plaintiff was not present for the incidents between Defendant and a third party, these incidents are not relevant because they cannot be used to show severity or outrageousness. Defendant also claims that Defendant's conduct toward third parties is not relevant on the issue of intent unless Defendant makes intent an issue by denying he engaged in the alleged conduct.

Federal Rule of Evidence 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." F.R.E. 401. Rule 402 states that "[e]vidence which is not relevant is not admissible."

While Georgia courts' interpretation of state evidentiary rules is not controlling in federal cases, the Court notes that Georgia courts in cases involving claims of intentional infliction of emotional distress focus on the fact that the tort focuses on the effect of the allegedly distressing conduct on the person to whom it is directed. Considering the claim with this focus, "[d]efamatory remarks made to others or to the public in general are classic examples of conduct that, though

harmful to the plaintiff, was directed toward the hearer of the statements, not to the plaintiff, and thus is not actionable as intentional infliction of emotional distress." Lively v. McDaniel, 240 Ga. App. 132, 134 (1999).

"[E]ven malicious, wilful or wanton conduct will not warrant a recovery for the infliction of emotional distress if the conduct was not directed toward the plaintiff . . . It is undisputed that the comments here were made during a radio broadcast to thousands of people and were not made directly to [plaintiff]. The trial court therefore erred by failing to grant a directed verdict to [defendant] on this claim." Wolff v. Middlebrooks, 256 Ga. App. 268, 271 (2002).

Plaintiff can only suffer severe emotional distress based on Defendant's actions toward her. Plaintiff cannot use conduct directed toward third parties to establish outrageousness or severity of emotional distress *with respect to conduct directed to her*. Defendant's comments and actions toward third parties do not make the existence of any fact of consequence regarding a claim for intentional infliction of emotional distress more or less probable, and this evidence is not relevant under F.R.E. 402. The Court further finds that even if this conduct toward third parties was relevant, under F.R.E. 403 its probative value would be substantially outweighed by its prejudicial nature and otherwise would confuse or mislead the jury and create undue delay.

Federal Rule of Evidence 403 provides: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Exclusion of relevant evidence under Rule 403 "is an extraordinary remedy that should be used sparingly because it allows the court to exclude admittedly probative evidence." United States v. Ross, 33 F.3d 1507, 1524 (11th Cir. 1994). The Eleventh Circuit has held that "a trial court's discretion to exclude evidence as unduly prejudicial is 'narrowly circumscribe[d]'" and "[t]he 'major function' of Rule 403 is 'limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" United States v. Dean, 221 Fed. App'x 849, 852 n. 3 (11th Cir. 2007). In United States v. Elkins, the Eleventh Circuit emphasized that exclusion under Rule 403 is only warranted when admission of evidence rises to the "level of *unfair* prejudice." 885 F.2d 775, 785 (11th Cir. 1989) (emphasis in original).

The Court has carefully considered the third party evidence the Plaintiff seeks to introduce. The post-December 22, 1998 third party incidents are few – and possibly only one. A single incident or two of allegedly similar conduct of the

8

type at issue in this case is of such limited probative value that its prejudicial effect would be unfair if the evidence was admitted. The Court finds the evidence's probative value is substantially outweighed by its prejudicial effect, would mislead the jury, confuse the issues, and create undue delay.

Finally, Plaintiff argues that Defendant's similar act evidence is admissible to show Defendant's motive, intent, and absence of mistake.

Federal Rule of Evidence 404(b) provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Fed. R. Evid. 404(b). Evidence of other acts is allowed whether the acts occurred before or after the act at issue so long as it is: (1) relevant to an issue other than the defendant's character; (2) established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; and (3) the probative value must not be substantially outweighed by its undue prejudice and the evidence meets the other requirements of Rule 403. United States v. Delgado, 56 F.3d 1357, 1365 (11th Cir. 1995).

The Court has already found that Defendant's conduct toward third parties is not relevant to any issue regarding the elements of intentional infliction of

emotional distress, and that the probative value of this evidence, if any, is substantially outweighed by its prejudicial effect.[3] Thus, even if the evidence was relevant to show Defendant's intent or absence of mistake – which do not appear to be contested issues – the Court finds that any probative value is substantially outweighed by its prejudicial effect.[4]

---

[3] Plaintiff relies on Troncalli v. Jones, 237 Ga. App. 10 (1999) to support her claim that conduct toward third parties is admissible to show intent. In Troncalli, the plaintiff alleged a claim of intentional infliction of emotional distress against the defendant. The trial court concluded that the defendant's acts toward another woman were sufficiently similar to those against plaintiff to show a bent of mind or course of conduct. Id. at 15. The Georgia Court of Appeals affirmed the denial of the defendant's motion in limine seeking to exclude testimony of prior similar acts, finding that the evidence "was admissible to show intent, motive and bent of mind." Id. at 16. In affirming the trial court's ruling, however, the Court of Appeals noted that even though there is no bright line rule regarding the admissibility of similar act evidence with respect to intent, courts always have discretion to exclude relevant evidence if its probative value is substantially outweighed by the risk of prejudice or confusion. Id. In this case, the Court finds that the probative value of the contested evidence is substantially outweighed by its prejudicial effect and has the likely potential to mislead the jury, confuse the issues, and create undue delay.

[4] As in any trial, this ruling may be affected by the evidence Defendant presents in his case-in-chief. Should Defendant, for example, deny he made the statements alleged or state that they were accidental, the acts toward third parties could, arguably, be admissible on rebuttal. The Court does not take a position on what rebuttal evidence might be admissible.

C. Punitive Damages

Plaintiff also seeks to introduce evidence of Defendant's conduct toward third parties for the jury to consider in determining whether punitive damages should be assessed against the Defendant.

O.C.G.A. § 51-12-5.1(b) provides: "Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." Section (g) generally limits punitive damages to $250,000. That cap may be avoided in a tort case that does not arise from products liability, "if it is found that the defendant acted, or failed to act, with the specific intent to cause harm." Section 51-12-5.1(f).

In <u>Webster v. Boyett</u>, 269 Ga. 191, 195 (1998), the Georgia Supreme Court examined the question of whether a defendant's prior DUI conviction was admissible during the liability phase of a personal injury trial in which the plaintiff sought punitive damages. There, the Georgia Supreme Court held that a defendant's prior and subsequent acts of driving under the influence were relevant in determining whether the defendant acted with conscious indifference to the consequences in again driving under the influence. <u>Id.</u> The court also noted,

though, that the evidence was highly prejudicial to the issue of the defendant's liability in the underlying negligence case. Id. Rather than adopt a bright-line rule regarding admissibility, the court concluded:

> [T]he best way to guarantee a fair trial and ensure judicial economy is to continue to give the trial judge discretion on when to admit the evidence of prior and subsequent acts. The general rule is that trial judges may exercise discretion in excluding relevant evidence if its probative value is substantially outweighed by the risk that its admission will confuse the issue, mislead the jury, or create substantial danger of undue prejudice. In making their decision, trial courts should consider the potential prejudice to the parties, the complexity of issues and the potential for jury confusion, and the relative convenience, economy, or delay that may result.

Id. The concerns highlighted by the court in Webster appear to parallel those in F.R.E. 403.

In Troncalli v. Jones, 237 Ga. App. 10 (1999), the plaintiff alleged a claim of intentional infliction of emotional distress against the defendant. Defendant denied he engaged in the conduct alleged. During trial, the trial court permitted a third party to testify that in November 1995, the defendant committed certain acts toward her that were sufficiently similar to those he allegedly committed against plaintiff. Id. at 15. The Georgia Court of Appeals, relying on Webster, upheld the trial court's finding that evidence of defendant's prior similar acts was relevant to establish liability for punitive damages. Id. at 16.

12

The Court concludes that evidence of similar acts is probative on the issue of punitive damages. The question that remains is whether the risk of prejudice and Rule 403's other concerns outweigh this probative value. Plaintiff relies on Holt v. Grinnell, 212 Ga. App. 520, 521-22 (1994) to support her claim that past instances of similar acts are not unduly prejudicial. In Holt, the Georgia Court of Appeals held that evidence of past or future instances of the defendant driving under the influence is admissible on the issue of punitive damages. The court stated:

> The only reason to exclude the evidence would be the danger of prejudice, but in the balance of things, its relevance to the question of wilful and wanton behavior outweighs any prejudice, where the jury is fully cautioned that the evidence goes only to the question of willful and wanton behavior and conscious disregard of consequences, and not to the question of negligence in the particular incident on trial. Evidence that [defendant] had twice previous to the present incident committed the offense of driving under the influence of alcohol is conduct relevant to the trier of fact's determination of what amount of [punitive] damages will be sufficient to deter, penalize, or punish the defendant in light of the circumstances of the case.

Id. at 522 (internal quotations and citations omitted).

In Philip Morris USA v. Williams, 549 U.S. 346, 349, a cigarette smoker's widow brought suit against Philip Morris, the manufacturer of the cigarettes her husband used to smoke. In vacating the award for punitive damages, the Supreme Court held that "the Constitution's Due Process Clause forbids a State to use a punitive damages award to punish a defendant for injury that it inflicts upon

13

nonparties or those whom they directly represent, *i.e.,* injury that it inflicts upon those who are, essentially, strangers to the litigation." Id. at 353. The Supreme Court noted, however, an exception to this general prohibition:

> Respondent argues that she is free to show harm to other victims because it is relevant to a different part of the punitive damages constitutional equation, namely, reprehensibility. That is to say, harm to others shows more reprehensible conduct. Philip Morris, in turn, does not deny that a plaintiff may show harm to others in order to demonstrate reprehensibility. Nor do we. Evidence of actual harm to nonparties can help to show that the conduct that harmed the plaintiff also posed a substantial risk of harm to the general public, and so was particularly reprehensible – although counsel may argue in a particular case that conduct resulting in no harm to others nonetheless posed a grave risk to the public, or the converse. Yet for the reasons given above, a jury may not go further than this and use a punitive damages verdict to punish a defendant directly on account of harms it is alleged to have visited on nonparties.
>
> Given the risks of unfairness that we have mentioned, it is constitutionally important for a court to provide assurance that the jury will ask the right question, not the wrong one . . .We therefore conclude that the Due Process Clause requires States to provide assurance that juries are not asking the wrong question, *i.e.,* seeking, not simply to determine reprehensibility, but also to punish for harm caused strangers.

Id. at 355.[5]

---

[5] Defendant relies on Brooks v. Freeport Kaolin Co., 253 Ga. 678, 680 (1985) and Johansen v. Combustion Engineering, Inc. 170 F.3d 1320, 1336 (11th Cir. 1999), to support his claim that a defendant's conduct outside the statute of limitation period may not be considered by a jury for any purpose, including an award for punitive damages. In Brooks, the Georgia Supreme Court held that "only damages to the plaintiff's realty alleged to have to have occurred within four years of his

14

The Court finds that Defendant's conduct toward third parties may be relevant and admissible to the issue of punitive damages liability and probative on the issues of whether Defendant's actions constituted willful misconduct or that entire want of care which would raise the presumption of conscious indifference to consequences or that his conduct was engaged in with the specific intent to cause harm to the Plaintiff. The Court, however, cannot determine if this evidence should be allowed until after presentation of the parties' cases-in-chief and rebuttal. If, at that time, the Court determines this third party evidence is relevant, it also will consider the scope of the evidence to be allowed. The jury will be advised the evidence is being offered and may be considered only on the issue of

---

bringing suit are not barred by the statute of limitation." Id. at 680. The court continued: "Similarly, the defendants' motion for summary judgment on the plaintiff's punitive-damage claim was also correctly granted, insofar as the plaintiff's punitive-damage claim is based on damages to realty for the years not within four years of the bringing of suit. Insofar as the punitive-damage claim is based on damages to realty occurring within four years of suit, it is not barred by the statute of limitation." Id. First, in Brooks, the admissibility of similar act evidence was not an issue. Second, the relevance of Defendant's conduct toward Plaintiff and third parties would only be admissible for determining Defendant's liability for punitive damages and the general reprehensibility of his conduct. As clearly held in the Supreme Court's decision in Philip Morris USA v. Williams, due process forbids punitive damages to punish a defendant for injury inflicted upon nonparties. 549 U.S. 346 (2007). Johansen also did not involve similar act evidence. 170 F.3d at 1336 ("The most important indicum of the reasonableness of a punitive damages award may be the degree of reprehensibility of the defendant's conduct. The relevant conduct of [defendant] in this case involves only the four years preceding the filing of the property owners' complaint . . . .").

punitive damages and cannot be used to determine Defendant's liability on Plaintiff's intentional infliction of emotional distress claim. With a proper limiting instruction, any concerns of prejudice or confusion of the issues will be readily addressed. The jury will also be instructed that they may <u>not</u> punish Defendant for his conduct toward third parties.

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion in Limine [467] is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's Motion in Limine on the Admissibility of Similar Act Evidence [475] is **DENIED IN PART** and **GRANTED IN PART**. Defendant's conduct before December 22, 1998, toward Plaintiff or third parties is inadmissible. Defendant's conduct on or after December 22, 1998, toward third parties is inadmissible for purposes of proving liability or damages regarding intentional infliction of emotional distress. Whether Defendant's conduct toward third parties is admissible for purposes of establishing liability for and the amount of punitive damages and the scope of the evidence admitted will be determined by the Court after presentation of the parties' cases-in-chief and rebuttal, if any.

**SO ORDERED** this 20th day of April, 2009.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE